THE NEWARK AQUEDUCT BOARD, appellant,

*v.*

THE CITY OF PASSAIC et al., respondents.

Upon bill filed to restrain the construction of public sewers, by the operation of which, it was alleged, the water supplied by the complainant to the inhabitants of Newark would be injuriously polluted, the defendants' answer and accompanying affidavits rendered it doubtful whether the apprehended nuisance would arise.—*Held*, that a preliminary injunction was thereupon properly refused.

Appeal from an order of the chancellor founded on the opinion reported in *18 Stew. Eq. 393.*

*Mr. E. L. Price* and *Mr. T. N. McCarter*, for the appellant.

*Mr. G. P. Rust* and *Mr. J. W. Griggs*, for the respondents.

The opinion of the court was delivered by

DIXON, J.

On March 18th, 1889, the complainant exhibited its bill in chancery to restrain the defendants from constructing in the city of Passaic certain public sewers therein described, which, when in operation, would cast their contents into the Passaic river, and thereby, the bill alleged, would render noxious the water drawn by the complainant from the river for the use of the inhabitants of the city of Newark. On filing the bill the complainant obtained a rule, that the defendants show cause why a preliminary injunction to the effect stated should not forthwith issue, and, at its return, the city of Passaic presented its answer, with accompanying affidavits, which, *inter alia*, negatived the charge that the sewage to be emptied at Passaic would affect the water at the complainant's intake. The rule to show cause was then discharged by the chancellor, upon two grounds—*first*, that the com-

plainant had no authority to maintain a suit to prevent such pollution of the water of the river as would be injurious to the inhabitants of Newark; *second,* that, as the apprehended pollution had not yet taken place, and was not immediately threatened, and it was doubtful, under the proofs, whether such pollution would be caused in any degree deleterious to the city of Newark, therefore, no case for a preliminary injunction had arisen.

We are not prepared to endorse the conclusion of the learned chancellor upon the first point, but upon the second, his conclusion seems to us well founded in fact and in the law, as repeatedly announced by this court. *Citizens Coach Co.* v. *Camden Horse R. R. Co.,* 2 *Stew. Eq. 299; Stitt* v. *Hilton,* 4 *Stew. Eq. 285; Delaware, Lackawanna and Western R. R. Co.* v. *Central Stock-Yard and Transit Co.,* 16 *Stew. Eq. 605; Hagerty* v. *Lee,* 18 *Stew. Eq. 255.*

The order discharging the rule should be affirmed.

DEPUE, J. (dissenting).

I think it is entirely clear, from the acts of the legislature relating to the Newark Aqueduct Board, that the city had a grant from the state of a right in the waters of the Passaic beyond those rights inherent in riparian owners, to have the use of the waters of the Passaic for a water-supply for the city for domestic and other purposes.

I think, also, that in view of the fact that the health of the inhabitants of a city with a population of one hundred and eighty thousand inhabitants is involved in this controversy, the depositions make a clear case for the interposition of the court by a preliminary injunction. For these reasons, I vote to reverse the decree appealed from.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, MAGIE, VAN SYCKEL, COLE, SMITH, WHITAKER—8.

*For reversal*—DEPUE, BROWN—2.